# EXHIBIT A

FILED
HALEY M. SLAGLE, CLERK

2 Pages

46

'20 FEB -5 P4:39

SUPERIOR COURT
YAKIMA CO. WA

## STATE OF WASHINGTON
## YAKIMA COUNTY SUPERIOR COURT

STATE OF WASHINGTON,

          Plaintiff,

    v.

CITY OF SUNNYSIDE; AL
ESCALERA, in his official and
individual capacities; MELISSA
RIVAS, in her official and individual
capacities; CHRISTOPHER SPARKS,
in his official and individual capacities;
JOEY GLOSSEN, in his official and
individual capacities; and JAMES
RIVARD, in his official and individual
capacities,

          Defendants.

NO. 2020041139

SUMMONS

**TO DEFENDANT AL ESCALERA:**

    A lawsuit has been started against you in Yakima County Superior Court by the State of Washington, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

    In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after the service of this Summons; or if served outside the State of

SUMMONS 1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

06

1 | Washington, within sixty (60) days after service of this Summons, excluding the day of service,
2 | or a default judgment may be entered against you without notice. A default judgment is one
3 | where the Plaintiff is entitled to what it asks for because you have not responded. If you serve
4 | a notice of appearance on the undersigned person, you are entitled to notice before a default
5 | judgment may be entered.

6 | You may demand that the Plaintiff file this lawsuit with the court. If you do so, the
7 | demand must be in writing and must be served upon the person signing this Summons. Within
8 | fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,
9 | or the service on you of this Summons and Complaint will be void.

10 | If you wish to seek the advice of an attorney in this matter, you should do so promptly
11 | so that your written response, if any, may be served on time.

12 | · This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
13 | State of Washington.

15 | DATED this 5th day of February, 2020.

ROBERT W. FERGUSON
Attorney General

MITCHELL A. RIESE, WSBA #11947
NEAL LUNA, WSBA #34085
Assistant Attorneys General
Wing Luke Civil Rights Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
Mitchell.Riese@atg.wa.gov
Neal.Luna@atg.wa.gov

SUMMONS 2

07

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | DECLARATION OF CONNIE WILLIAMS IN SUPPORT OF GR 17 |
| v. | |
| CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities | |
| Defendants. | |

Connie Williams declares under penalty of perjury under the laws of the state of Washington that the following is true and correct.

1.    I am a Legal Administrative Manager for the Attorney General's Office. I make this Declaration based on my own personal knowledge. I am competent to testify to the facts stated herein.

2.    This Declaration is filed in accordance with GR 17.

3.    On the 5th February, 2020, I received the Summons addressed to Defendant Al Escalera by electronic mail, from Legal Assistant Anna Alfonso of the Civil Rights Division of the

1  Attorney General's Office. I have examined the document, which consists of 4 pages, including this

2  Declaration.

3         4.     The foregoing document is a complete and legible facsimile transmitted original

4  signed by Assistant Attorney General Mitchell Riese.

CONNIE WILLIAMS
(509) 454-7638
Facsimile (509) 575-2095

09

'20 FEB -5 P 4:39

SUPERIOR COURT
YAKIMA CO WA

2 Pages

1
2
3
4
5
6
7
8

**STATE OF WASHINGTON**
**YAKIMA COUNTY SUPERIOR COURT**

9   STATE OF WASHINGTON,

10                          Plaintiff,

11          v.

12   CITY OF SUNNYSIDE; AL
     ESCALERA, in his official and
13   individual capacities; MELISSA
     RIVAS, in her official and individual
14   capacities; CHRISTOPHER SPARKS,
     in his official and individual capacities;
15   JOEY GLOSSEN, in his official and
     individual capacities; and JAMES
16   RIVARD, in his official and individual
     capacities,
17

18                          Defendants.

NO. 2020041139

SUMMONS

19   **TO DEFENDANT MELISSA RIVAS:**

20          A lawsuit has been started against you in Yakima County Superior Court by the State of

21   Washington, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which

22   is served upon you with this Summons.

23          In order to defend against this lawsuit, you must respond to the Complaint by stating

24   your defense in writing, and by serving a copy upon the undersigned attorney for the Plaintiff

25   within twenty (20) days after the service of this Summons; or if served outside the State of

26

SUMMONS                                    1                    ATTORNEY GENERAL OF WASHINGTON
                                                                        Civil Rights Division
                                                                      800 Fifth Avenue, Suite 2000
                                                                         Seattle, WA 98104
                                                                          (206) 464-7744

10

1  Washington, within sixty (60) days after service of this Summons, excluding the day of service,
2  or a default judgment may be entered against you without notice. A default judgment is one
3  where the Plaintiff is entitled to what it asks for because you have not responded. If you serve
4  a notice of appearance on the undersigned person, you are entitled to notice before a default
5  judgment may be entered.

6      You may demand that the Plaintiff file this lawsuit with the court. If you do so, the
7  demand must be in writing and must be served upon the person signing this Summons. Within
8  fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,
9  or the service on you of this Summons and Complaint will be void.

10     If you wish to seek the advice of an attorney in this matter, you should do so promptly
11  so that your written response, if any, may be served on time.

12     This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
13  State of Washington.

14

15     DATED this 5th day of February, 2020.

16

17     ROBERT W. FERGUSON
       Attorney General

18

19     MITCHELL A. RIESE, WSBA #11947
       NEAL LUNA, WSBA #34085
20     Assistant Attorneys General
       Wing Luke Civil Rights Division
21     Office of the Attorney General
       800 Fifth Avenue, Suite 2000
22     Seattle, WA 98104
       (206) 464-7744
23     Mitchell.Riese@atg.wa.gov
       Neal.Luna@atg.wa.gov

24

25

26

SUMMONS                         2

2 Pages

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | DECLARATION OF CONNIE WILLIAMS IN SUPPORT OF GR 17 |
| v. | |
| CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities | |
| Defendants. | |

Connie Williams declares under penalty of perjury under the laws of the state of Washington that the following is true and correct.

1. I am a Legal Administrative Manager for the Attorney General's Office. I make this Declaration based on my own personal knowledge. I am competent to testify to the facts stated herein.

2. This Declaration is filed in accordance with GR 17.

3. On the 5th February, 2020, I received the Summons addressed to Defendant Melissa Rivas by electronic mail, from Legal Assistant Anna Alfonso of the Civil Rights Division of the

DECLARATION IN SUPPORT OF GR 17          1

1 | Attorney General's Office. I have examined the document, which consists of 4 pages, including this

2 | Declaration.

3 |      4.     The foregoing document is a complete and legible facsimile transmitted original

4 | signed by Assistant Attorney General Mitchell Riese.

CONNIE WILLIAMS
(509) 454-7638
Facsimile (509) 575-2095

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

13

FILED
TRACEY M. SLAGLE, CLERK

'20 FEB -5 P4:39

SUPERIOR COURT
YAKIMA CO. WA

2 Pages

# STATE OF WASHINGTON
# YAKIMA COUNTY SUPERIOR COURT

| STATE OF WASHINGTON, | NO. 2020041139 |
|---|---|
| Plaintiff, | SUMMONS |
| v. | |
| CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities, | |
| Defendants. | |

**TO DEFENDANT JOEY GLOSSEN:**

A lawsuit has been started against you in Yakima County Superior Court by the State of Washington, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after the service of this Summons; or if served outside the State of

SUMMONS 1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

14

1  Washington, within sixty (60) days after service of this Summons, excluding the day of service,

2  or a default judgment may be entered against you without notice. A default judgment is one

3  where the Plaintiff is entitled to what it asks for because you have not responded. If you serve

4  a notice of appearance on the undersigned person, you are entitled to notice before a default

5  judgment may be entered.

6  You may demand that the Plaintiff file this lawsuit with the court. If you do so, the

7  demand must be in writing and must be served upon the person signing this Summons. Within

8  fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

9  or the service on you of this Summons and Complaint will be void.

10  If you wish to seek the advice of an attorney in this matter, you should do so promptly

11  so that your written response, if any, may be served on time.

12  This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

13  State of Washington.

14

15  DATED this 5th day of February, 2020.

16

17  ROBERT W. FERGUSON
   Attorney General

18

19  MITCHELL A. RIESE, WSBA #11947
   NEAL LUNA, WSBA #34085

20  Assistant Attorneys General
   Wing Luke Civil Rights Division

21  Office of the Attorney General
   800 Fifth Avenue, Suite 2000

22  Seattle, WA 98104
   (206) 464-7744

23  Mitchell.Riese@atg.wa.gov
   Neal.Luna@atg.wa.gov

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

15

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | DECLARATION OF CONNIE WILLIAMS IN SUPPORT OF GR 17 |
| v. | |
| CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities | |
| Defendants. | |

Connie Williams declares under penalty of perjury under the laws of the state of Washington that the following is true and correct.

1.    I am a Legal Administrative Manager for the Attorney General's Office. I make this Declaration based on my own personal knowledge.  I am competent to testify to the facts stated herein.

2.    This Declaration is filed in accordance with GR 17.

3.    On the 5th February, 2020, I received the Summons addressed to Defendant Joey Glossen by electronic mail, from Legal Assistant Anna Alfonso of the Civil Rights Division of the

---

DECLARATION IN SUPPORT OF GR 17          1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 464-7744

1   Attorney General's Office. I have examined the document, which consists of 4 pages, including this

2   Declaration.

3       4.     The foregoing document is a complete and legible facsimile transmitted original

4   signed by Assistant Attorney General Mitchell Riese.

5

6                     CONNIE WILLIAMS

7                     (509) 454-7638
                    Facsimile (509) 575-2095

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

17

2 Pages

## STATE OF WASHINGTON
## YAKIMA COUNTY SUPERIOR COURT

STATE OF WASHINGTON,

             Plaintiff,

v.

CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities,

             Defendants.

NO. 2020041139

SUMMONS

**TO DEFENDANT CHRISTOPHER SPARKS:**

A lawsuit has been started against you in Yakima County Superior Court by the State of Washington, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after the service of this Summons; or if served outside the State of

SUMMONS                  1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

18

1   Washington, within sixty (60) days after service of this Summons, excluding the day of service,

2   or a default judgment may be entered against you without notice. A default judgment is one

3   where the Plaintiff is entitled to what it asks for because you have not responded. If you serve

4   a notice of appearance on the undersigned person, you are entitled to notice before a default

5   judgment may be entered.

6       You may demand that the Plaintiff file this lawsuit with the court. If you do so, the

7   demand must be in writing and must be served upon the person signing this Summons. Within

8   fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

9   or the service on you of this Summons and Complaint will be void.

10      If you wish to seek the advice of an attorney in this matter, you should do so promptly

11   so that your written response, if any, may be served on time.

12      This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

13   State of Washington.

14

15      DATED this 5th day of February, 2020.

16

17               ROBERT W. FERGUSON
                    Attorney General

18

19               MITCHELL A. RIESE, WSBA #11947
                    NEAL LUNA, WSBA #34085

20               Assistant Attorneys General
                    Wing Luke Civil Rights Division

21               Office of the Attorney General
                    800 Fifth Avenue, Suite 2000

22               Seattle, WA 98104
                    (206) 464-7744

23               Mitchell.Riese@atg.wa.gov
                    Neal.Luna@atg.wa.gov

24

25

26

SUMMONS               2

19

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities<br><br>               Defendants. | NO.<br><br>DECLARATION OF CONNIE WILLIAMS IN SUPPORT OF GR 17 |

Connie Williams declares under penalty of perjury under the laws of the state of Washington that the following is true and correct.

    1.    I am a Legal Administrative Manager for the Attorney General's Office. I make this Declaration based on my own personal knowledge. I am competent to testify to the facts stated herein.

    2.    This Declaration is filed in accordance with GR 17.

    3.    On the 5th February, 2020, I received the Summons addressed to Defendant Christopher Sparks by electronic mail, from Legal Assistant Anna Alfonso of the Civil Rights

DECLARATION IN SUPPORT OF GR 17     1     ATTORNEY GENERAL OF WASHINGTON<br>Civil Rights Division<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>(206) 464-7744

20

1 | Division of the Attorney General's Office. I have examined the document, which consists of 4

2 | pages, including this Declaration.

3 |     4.    The foregoing document is a complete and legible facsimile transmitted original

4 | signed by Assistant Attorney General Mitchell Riese.

CONNIE WILLIAMS
(509) 454-7638
Facsimile (509) 575-2095

DECLARATION IN SUPPORT OF GR 17    2    ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

21

FILED
HARLEY M. SLAGLE, CLERK

'20 FEB -5 P4:39

SUPERIOR COURT
YAKIMA CO. WA

2 Pages

# STATE OF WASHINGTON
# YAKIMA COUNTY SUPERIOR COURT

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>    v.<br><br>CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities,<br><br>                    Defendants. | NO. **2020041139**<br><br>SUMMONS |

**TO DEFENDANT JAMES RIVARD:**

A lawsuit has been started against you in Yakima County Superior Court by the State of Washington, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after the service of this Summons; or if served outside the State of

SUMMONS                                       1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

22

1   Washington, within sixty (60) days after service of this Summons, excluding the day of service,

2   or a default judgment may be entered against you without notice. A default judgment is one

3   where the Plaintiff is entitled to what it asks for because you have not responded. If you serve

4   a notice of appearance on the undersigned person, you are entitled to notice before a default

5   judgment may be entered.

6       You may demand that the Plaintiff file this lawsuit with the court. If you do so, the

7   demand must be in writing and must be served upon the person signing this Summons. Within

8   fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

9   or the service on you of this Summons and Complaint will be void.

10      If you wish to seek the advice of an attorney in this matter, you should do so promptly

11   so that your written response, if any, may be served on time.

12      This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

13   State of Washington.

14

15      DATED this 5th day of February, 2020.

16

17               ROBERT W. FERGUSON
                    Attorney General

18

19               MITCHELL A. RIESE, WSBA #11947
                    Assistant Attorney General

20               Attorney for the Washington State Human Rights
                    Commission

21               Office of the Attorney General
                    800 Fifth Avenue, Suite 2000

22               Seattle, WA 98104
                    (206) 464-7744

23               Mitchell.Riese@atg.wa.gov

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

23

1

2

3

4

5

6

7 **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF YAKIMA**

8

| STATE OF WASHINGTON, | NO. |
|---|---|
| Plaintiff, | DECLARATION OF CONNIE WILLIAMS IN SUPPORT OF GR 17 |
| v. | |
| CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities | |
| Defendants. | |

Connie Williams declares under penalty of perjury under the laws of the state of Washington that the following is true and correct.

1.     I am a Legal Administrative Manager for the Attorney General's Office. I make this Declaration based on my own personal knowledge.  I am competent to testify to the facts stated herein.

2.     This Declaration is filed in accordance with GR 17.

3.     On the 5th February, 2020, I received the Summons addressed to Defendant James Rivard by electronic mail, from Legal Assistant Anna Alfonso of the Civil Rights Division of the

DECLARATION IN SUPPORT OF GR 17          I

24

1   Attorney General's Office. I have examined the document, which consists of 4 pages, including this

2   Declaration.

3       4.     The foregoing document is a complete and legible facsimile transmitted original

4   signed by Assistant Attorney General Mitchell Riese.

5

6                CONNIE WILLIAMS

7                (509) 454-7638

               Facsimile (509) 575-2095

DECLARATION IN SUPPORT OF GR 17     2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

25

2 Pages

**STATE OF WASHINGTON**
**YAKIMA COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities,<br><br>                    Defendants. | NO.  2020041139<br><br>SUMMONS |

**TO DEFENDANT CITY OF SUNNYSIDE:**

A lawsuit has been started against you in Yakima County Superior Court by the State of Washington, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after the service of this Summons; or if served outside the State of

SUMMONS                                      1

26

1  Washington, within sixty (60) days after service of this Summons, excluding the day of service,

2  or a default judgment may be entered against you without notice. A default judgment is one

3  where the Plaintiff is entitled to what it asks for because you have not responded. If you serve

4  a notice of appearance on the undersigned person, you are entitled to notice before a default

5  judgment may be entered.

6        You may demand that the Plaintiff file this lawsuit with the court. If you do so, the

7  demand must be in writing and must be served upon the person signing this Summons. Within

8  fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

9  or the service on you of this Summons and Complaint will be void.

10       If you wish to seek the advice of an attorney in this matter, you should do so promptly

11 so that your written response, if any, may be served on time.

12       This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

13 State of Washington.

14

15       DATED this 5th day of February, 2020.

16

17                   ROBERT W. FERGUSON
                     Attorney General

18

19                   MITCHELL A. RIESE, WSBA #11947
                  NEAL LUNA, WSBA #34085

20                   Assistant Attorneys General
                  Wing Luke Civil Rights Division

21                   Office of the Attorney General
                  800 Fifth Avenue, Suite 2000

22                   Seattle, WA 98104
                  (206) 464-7744

23                   Mitchell.Riese@atg.wa.gov
                  Neal.Luna@atg.wa.gov

24

25

26

SUMMONS              2

27

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF YAKIMA**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | DECLARATION OF CONNIE WILLIAMS IN SUPPORT OF GR 17 |
| v. | |
| CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities | |
| Defendants. | |

Connie Williams declares under penalty of perjury under the laws of the state of Washington that the following is true and correct.

1.  I am a Legal Administrative Manager for the Attorney General's Office. I make this Declaration based on my own personal knowledge. I am competent to testify to the facts stated herein.

2.  This Declaration is filed in accordance with GR 17.

3.  On the 5th February, 2020, I received the Summons addressed to Defendant City of Sunnyside by electronic mail, from Legal Assistant Anna Alfonso of the Civil Rights Division of

DECLARATION IN SUPPORT OF GR 17          1

1    the Attorney General's Office. I have examined the document, which consists of 4 pages, including

2    this Declaration.

3         4.      The foregoing document is a complete and legible facsimile transmitted original

4    signed by Assistant Attorney General Mitchell Riese.

CONNIE WILLIAMS
(509) 454-7638
Facsimile (509) 575-2095

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

29

FILED
HALEY M. SLAGLE, CLERK

'20 FEB -5 P4:40

SUPERIOR COURT
YAKIMA CO. WA

19 Pages

**STATE OF WASHINGTON**
**YAKIMA COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities<br><br>              Defendants. | NO. **2 0 2 0 0 4 1 1 3 9**<br><br>COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES |

## I.    INTRODUCTION

The State of Washington (the State) brings this civil action against the City of Sunnyside (Sunnyside) and five of its employees for declaratory and injunctive relief, and for

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98109
(206) 464-7744

30

1

2

3

4

5

6

7       **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
        IN AND FOR THE COUNTY OF YAKIMA**

8       STATE OF WASHINGTON,                    NO.

9                           Plaintiff,          DECLARATION OF CONNIE
10                                               WILLIAMS IN SUPPORT OF GR 17

11              v.

12      CITY OF SUNNYSIDE; AL
        ESCALERA, in his official and
13      individual capacities; MELISSA
        RIVAS, in her official and individual
14      capacities; CHRISTOPHER
        SPARKS, in his official and
15      individual capacities; JOEY
        GLOSSEN, in his official and
16      individual capacities; and JAMES
        RIVARD, in his official and
17      individual capacities

18                          Defendants.

19          Connie Williams declares under penalty of perjury under the laws of the state of Washington

20      that the following is true and correct.

21          1.    I am a Legal Administrative Manager for the Attorney General's Office. I make this

22      Declaration based on my own personal knowledge.  I am competent to testify to the facts stated

23      herein.

24          2.    This Declaration is filed in accordance with GR 17.

25          3.    On the 5th February, 2020, I received the Summons addressed to Defendant City of

26      Sunnyside by electronic mail, from Legal Assistant Anna Alfonso of the Civil Rights Division of

DECLARATION IN SUPPORT OF GR 17            1

31

1  damages to redress Sunnyside's policy or practice of evicting residents without due process in

2  violation of federal and state law.

3  **II.  PARTIES**

4  2.1    Plaintiff is the State of Washington. The Attorney General is authorized to commence

5  this action pursuant to RCW 43.10.030(1).

6  2.2    Plaintiff the State has an interest in protecting the health, safety and well-being of its

7  residents, including ensuring that they are not excluded from the rights and privileges provided

8  by the United States and Washington Constitutions and laws. According to the 2018 American

9  Community Survey, there are approximately 2,800,000 occupied housing units in the state of

10  Washington and over 37 percent of them are rental properties. A significant number of

11  Washington residents live in cities with Crime Free Rental Housing Programs (CFRHPs). In

12  addition to Sunnyside, Tacoma, Bellingham, Spokane, Pasco, Yakima, Prosser, Tukwila, Kent,

13  Walla Walla, University Place, Othello, College Place, and Port Orchard all currently operate

14  a CFRHP. Other cities, such as Shelton and Moses Lake, are considering implementing such a

15  program. The State has a compelling interest in protecting its residents—especially its most

16  vulnerable—from application of these programs in ways that deprive residents of their federal

17  and state constitutional and statutory rights and adversely impact their health and well-being.

18  2.3    Defendant City of Sunnyside, Washington, is a municipal corporation, with over

19  16,000 residents. Sunnyside operates the Sunnyside Police Department. Sunnyside police

20  officers are Sunnyside employees.

21

22

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

2

32

1     2.4     Defendant Al Escalera is the chief of police of the City of Sunnyside. Defendant

2     Escalera is sued in both his official and individual capacities.

3     2.5     Defendant Melissa Rivas is a police officer employed by the City of Sunnyside.

4     Defendant Rivas is sued in both her official and individual capacities.

5     2.6     Defendant Christopher Sparks is a police officer employed by the City of Sunnyside.

6     Defendant Sparks is sued in both his official and individual capacities.

7     2.7     Defendant Joey Glossen is a police officer employed by the City of Sunnyside.

8     Defendant Glossen is sued in both his official and individual capacities.

9     2.8     Defendant Jim Rivard is a code enforcement officer employed by the City of

10     Sunnyside. Defendant Rivard is sued in both his official and individual capacities.

11               **III.**     **PREREQUISITES TO SUIT**

12     On or about May 13, 2019, the State served a claim for damages on Sunnyside pursuant

13     to RCW 4.96.020(2). More than 60 days have lapsed since that filing.

14               **IV.**     **JURISDICTION AND VENUE**

15     4.1     The State brings this action against Defendants to enforce the Washington Law Against

16     Discrimination, the Residential Landlord-Tenant Act, the Fair Housing Act, 42 U.S.C. § 1983,

17     and the United States and Washington Constitutions. This Court has jurisdiction over these

18     claims under RCW 2.08.010.

19     4.2     Venue is proper in Yakima County because all of the events that support Washington's

20     allegations occurred there. RCW 4.12.020.

21

22

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

3

33

| | |
|---|---|
| 1 | **V. FACTS** |
| 2 | **Sunnyside's Crime Free Rental Housing Program** |
| 3 | 5.1 In 2010, Sunnyside established a CFRHP. Sunnyside Municipal Code |
| 4 | (SMC) 5.02.030(A). Operated by the Sunnyside police department, the stated intent of the |
| 5 | CFRHP is to reduce crime in rental housing through a partnership between police, residents, |
| 6 | and landlords. *Id.* |
| 7 | 5.2 Sunnyside officials describe the CFRHP as mandatory. |
| 8 | 5.3 Every Sunnyside landlord must apply for an annual rental housing license issued by |
| 9 | the Sunnyside police department. SMC 5.02.020(A). The annual fee is between $100 and $750 |
| 10 | depending on the number of units rented. SMC 5.02.020(B) |
| 11 | 5.4 Pursuant to the CFRHP, Sunnyside also offers "workshop training" for landlords and |
| 12 | property managers. SMC 5.02.030(A)(1). The "workshop training" covers rental applications, |
| 13 | rental agreements, resident screening, evictions, subsidized Section 8 housing (24 C.F.R. |
| 14 | § 982), working with the police, criminal activity identification, drug use in rental properties, |
| 15 | gang activity identification, and crime prevention through environmental design. *Id.* |
| 16 | 5.5 Sunnyside waives the annual residential rental housing license fee for landlords who |
| 17 | certify that they agree to participate in the CFRHP, but reimposes that fee plus ten percent and |
| 18 | revokes the rental license if the landlord fails to comply with the CFRHP. SMC 5.02.020, .060. |
| 19 | 5.6 The Sunnyside CFRHP imposes duties on both landlords and police officers. Under the |
| 20 | program, a landlord or property manager must require residents to sign a Crime Free |
| 21 | Lease/Rental Agreement Addendum (Addendum). SMC 5.02.030(A)(3) provides a model |
| 22 | |

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98109
(206) 464-7744

34

1    Addendum. It lists crimes that constitute a material breach of the lease if permitted or

2    committed by the resident on or near the rental property.

3    5.7    If Sunnyside police determine that any resident, household member, guest, or other

4    person under the resident's control has engaged in or permitted any of the crimes listed in the

5    Addendum on or near the premises, the CFRHP directs Sunnyside police to issue a notice of

6    noncompliance to the landlord. SMC 5.02.030(F).

7    5.8    Within five business days of receiving a notice of noncompliance, the CFRHP directs

8    a landlord to issue a notice to the resident to "comply or quit" the premises and pursue all

9    remedies against the residents available to the owner/licensee under the Residential Landlord-

10   Tenant Act of 1973 and the Manufactured/Mobile Home Landlord-Tenant Act, as applicable,

11   and all other remedies provided by law to terminate the tenancy and evict the residents. *Id.*

12   5.9    The comply-or-quit notice must include: "1. The date and location of the

13   noncompliance; 2. The nature of the noncompliance; 3. The name of the person or persons

14   engaged in the noncompliance[;]" and 4. "[C]opies of any public records of activities of

15   noncompliance on or about the owner/licensee's property occupied by the residents." *Id.*

16   5.10   The CFRHP allows the landlord—not the resident—to appeal the notice of

17   noncompliance in a hearing before the Sunnyside Police Chief. *Id.* The ordinance provides no

18   appeal process for residents who are the subjects of a notice of noncompliance.

19   5.11   Any landlord who receives two notices from the Sunnyside police of criminal activity

20   on any of the landlord's rental properties is required to participate in the CFRHP, unless the

21   landlord makes a good faith effort to deter the criminal activity. SMC 5.02.040(A).

22

COMPLAINT FOR DECLARATORY            5            ATTORNEY GENERAL OF WASHINGTON
RELIEF, INJUNCTIVE RELIEF, AND                          Civil Rights Division
DAMAGES                                            800 Fifth Avenue, Suite 2000
                                                        Seattle, WA 98109
                                                         (206) 464-7744

1    5.12    Sunnyside does not provide any training on how to operate the CFHRP to any

2    Sunnyside employee, not even its police officers who enforce the CFRHP or issue its notices.

3    5.13    On information and belief, Defendants have issued over 100 notices under the CFRHP

4    since the program began in 2010.

5    **The Residential Landlord-Tenant Act Sets the Procedures for Evicting Residents**

6    5.14    Participants in the CFRHP, including Sunnyside employees, must comply with the

7    Residential Landlord-Tenant Act (RLTA). RCW 59.18.230(1) (requiring that its procedures

8    must be followed and cannot be waived).

9    5.15    In Washington, the RLTA imposes certain duties upon residents in addition to timely

10   paying the rent. For example, residents may not permit nuisance or waste upon the property or

11   engage in or permit any drug- or gang-related activity on or near the rental property. A resident

12   who violates a statutory duty may be evicted.

13   5.16    To evict a resident for violating a statutory duty, a landlord must follow the procedures

14   specified in the RLTA and the Unlawful Detainer Act (UDA), RCW 59.18 and RCW 59.12,

15   respectively. Those procedures vary depending on how the resident has failed to comply. For

16   example, where the resident has committed or permitted waste or a nuisance on the premises,

17   the landlord must first issue a three-day notice to quit. RCW 59.12.030(5). By contrast, no

18   notice is required where the resident has engaged in drug-related activity, criminal activity that

19   results in the resident's arrest, or gang-related activity. RCW 59.18.180(3)-(5).

20   5.17    If a resident continues to occupy the rental property after a three-day notice to quit has

21   expired or after engaging in criminal activity that results in the resident's arrest, for example,

22

COMPLAINT FOR DECLARATORY              6               ATTORNEY GENERAL OF WASHINGTON
RELIEF, INJUNCTIVE RELIEF, AND                                    Civil Rights Division
DAMAGES                                                       800 Fifth Avenue, Suite 2000
                                                                 Seattle, WA 98109
                                                                   (206) 464-7744

36

1    the resident is liable for unlawful detainer. RCW 59.12.030(4), (5), (7).

2    5.18    Most critically, the landlord may not then engage in self-help to remove the resident

3    from the property or ask law enforcement to do it. Rather, the landlord must commence an

4    unlawful detainer action in court to evict the resident.

5    5.19    If a court determines that possession of the property should be returned to the landlord,

6    it will issue a writ of restitution, which the sheriff shall serve on the resident. RCW 59.12.090,

7    .100. The sheriff must wait at least three days after service of the writ before executing it and

8    returning possession of the property to the landlord. RCW 59.12.100.

9    **Sunnyside's Operation of the CFRHP Violates Due Process and the RLTA**

10    5.20    Sunnyside has a policy or practice of enforcing the CFRHP in violation of SMC 5.02,

11    the RLTA, and the due process rights of Sunnyside residents.

12    5.21    Since at least 2015 and continuing through the present, Sunnyside employees have

13    enforced the CFRHP in violation of the legal requirements above and the plain terms of the

14    CFRHP itself, resulting in due process violations, RLTA violations, and in some cases

15    unlawful evictions that resulted in residents having to split their families apart or become

16    homeless.

17    5.22    In February 2015, for example, Defendants Rivas and Rivard required a landlord to

18    send a couple a three-day notice to vacate after their home had been searched by Sunnyside

19    police pursuant to a search warrant. Three days after the eviction notice was served, Defendant

20    Rivas came to the home and ordered the couple to leave the property by midnight of that day,

21    giving them approximately eight hours to move out. No court eviction proceedings had been

22

COMPLAINT FOR DECLARATORY          7          ATTORNEY GENERAL OF WASHINGTON
RELIEF, INJUNCTIVE RELIEF, AND                        Civil Rights Division
DAMAGES                                         800 Fifth Avenue, Suite 2000
                                                       Seattle, WA 98109
                                                         (206) 464-7744

1    initiated. Defendant Rivas ordered the couple to leave Sunnyside altogether, stating that the

2    couple could not relocate elsewhere in the city. The couple was homeless for more than a year,

3    and following Rivas' orders relocated in another city, even though they had made plans and a

4    down payment to move to a RV park in Sunnyside, and alternatively had housing options

5    available from family members in Sunnyside.

6    5.23    In September 2016, Sunnyside police evicted a pregnant Latina mother with three

7    children who had been living in low-income housing for seven months without incident. A

8    single fight occurred near the home, and although no charges were filed against anyone

9    involved in the fight and no eviction proceedings were ever initiated, Defendant Rivas ordered

10    the mother to vacate the apartment in three days. The family initially stayed in a hotel, then

11    with the mother's brother, and ended up without a permanent home for over a year.

12    5.24    In May 2017, Sunnyside police evicted a Latina mother, a grandmother, and seven

13    children without a judicial eviction order. After the mother repeatedly refused the landlord's

14    sexual advances, the landlord accused the mother and her son of stealing, and called the

15    Sunnyside police to evict the family. Without providing any written notice, Defendants Rivas,

16    Sparks, and Glossen came to the home and told the family that they had two days to leave. The

17    family, fearful of the police's warnings, complied, and as a result were divided between the

18    father's home, a relative's home, and a hotel. It took over one and a half years before the family

19    could be reunited in one home.

20    5.25    In July 2018, Defendant Rivas and other unidentified Sunnyside police officers arrived

21    at a Sunnyside residence looking for the resident's adult daughter, who did not live there but

22

COMPLAINT FOR DECLARATORY       8       ATTORNEY GENERAL OF WASHINGTON
RELIEF, INJUNCTIVE RELIEF, AND            Civil Rights Division
DAMAGES            800 Fifth Avenue, Suite 2000
           Seattle, WA 98109
           (206) 464-7744

38

1  was visiting the resident. Finding her, Rivas arrested the daughter, who had an outstanding

2  misdemeanor warrant. The next day, Rivas returned to the residence and told the father, who

3  had lived in the home for eight years, that he could no longer live there. The landlord

4  subsequently told the father that he had a month to leave and that the landlord was following

5  the directions of the police. No judicial eviction proceeding was filed nor was any judicial

6  eviction order issued. The day of the one-month deadline, a Sunnyside police officer came to

7  the residence, asked the father for his identification and asked him what he was still doing

8  there. The father told the officer that his things were already packed in his truck and that there

9  was no need to come and kick him out of the house like a dog, especially when he had lived in

10  that house and paid rent for eight years.

11  5.26   In November 2015, Defendant Rivas contacted the manager of a mobile home park

12  regarding the mobile home of a married couple with a two-year-old daughter. Rivas told the

13  managers that the residents of the home in question had to be evicted because there had been

14  too many domestic disturbance calls to the police concerning the residents, and that Rivas

15  would bring the manager the CFRHP violation notice. Rivas then spoke with the residents of

16  the mobile home. Rivas told the residents that under the CFRHP, they had to leave their home.

17  The next day, the manager gave the residents an eviction notice. The manager suggested that

18  the couple ask Defendant Escalera to see if they could stay in their home. The couple met with

19  Escalera and told him that they had no place else to go and that they were making payments to

20  purchase their mobile home. Escalera told the couple that Rivas was in charge of the CFRHP

21  and that he could not do anything to help. Fearful that they were being evicted, the wife moved

22

COMPLAINT FOR DECLARATORY          9
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

39

1    out and slept in her truck for several days. She moved back into the residence only after her

2    husband told her that there had been no further action by the manager or Sunnyside police to

3    evict them.

4    5.27    In July 2016, Defendant Rivas went to a residence to investigate a report of a domestic

5    disturbance. Rivas reported that the residents were arguing but there were no signs of physical

6    injury to either resident. Although Rivas identified no criminal activity, Rivas issued the

7    landlord a CFRHP warning anyway and stated to the landlord that any further contacts

8    concerning the residents would result in the issuance of a CFRHP citation.

9    5.28    In another incident, Defendant Rivas contacted a landlord regarding a grandmother

10   living in an apartment with her grandchildren. Rivas told the landlord to evict the grandmother

11   after Rivas found an unattended minor who was the daughter of another resident in the

12   building. Rivas told the landlord that the landlord would be fined $1,000 if the grandmother

13   was not evicted. The landlord evicted the grandmother, who could not find other housing for

14   her and her grandchildren, requiring some of the grandchildren to live with other relatives. The

15   grandmother contacted Defendant Escalara, asking him not to require her eviction. Though

16   Escalara promised he would get back to her with a decision, the grandmother was never

17   notified of any decision on the grandmother's request.

18   5.29    Defendants have not confined their actions to only rental properties. In July 2015,

19   Defendant Rivas contacted a homeowner and told the homeowner that a houseguest at the

20   homeowner's residence was a prostitute and drug addict and that the guest needed to leave the

21   residence. Rivas told the homeowner that if there were any calls to the police concerning

22

COMPLAINT FOR DECLARATORY                    10          ATTORNEY GENERAL OF WASHINGTON
RELIEF, INJUNCTIVE RELIEF, AND                                   Civil Rights Division
DAMAGES                                                       800 Fifth Avenue, Suite 2000
                                                                   Seattle, WA 98109
                                                                    (206) 464-7744

1    criminal activity at the property, the homeowner would receive a CFRHP violation citation.

2    Sunnyside police then went to the residence and told the houseguest that she had to leave.

3    5.30    The examples above are illustrative. Sunnyside's policy or practice of enforcing the

4    CFRHP in issuing unwarranted CFRHP notices, pressuring landlords to evict tenants, failing

5    to provide any meaningful process to appeal a notice, and using extrajudicial evictions has

6    been Sunnyside's official policy for years, has affected numerous residents, and constitutes an

7    ongoing and continuing violation that is a matter of public concern.

8    5.31    Sunnyside has a policy or practice of enforcing the CFRHP against residents without

9    evidence that the residents engaged in criminal activity.

10    5.32    Sunnyside police reports concerning residents in CFRHP housing often fail to state

11    what crime is alleged to have occurred in or around the rental unit, if any, and whether the

12    police enforced the CFRHP in those cases. Other police reports reference domestic violence

13    situations, but do not indicate the resolution.

14    **Sunnyside's Practice of Unlawful Evictions Disproportionately Impacts Latinos, Women, and Families with Children**

15

16    5.33    Most of the Sunnyside residents unlawfully evicted have been Latinos, women, and

17    residents with children.

18    5.34    In Washington, over half—56.4 percent—of all Latinos live in rental housing,

19    compared with just less than a third—32.7 percent—of all non-Latino whites. The discrepancy

20    is more pronounced in Sunnyside. There, about half of all Latinos—49.42 percent—live in

21    rental housing; whereas less than a fifth—19.06 percent—of whites live in rental housing.

22

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

11

41

1    5.35    Unmarried women in Washington are over twice as likely to live in rental housing as

2    unmarried men and married couples—53.4 percent (unmarried women) versus 23.96 percent

3    (unmarried men and married couples). The same is true in Sunnyside: 66.70 percent of

4    unmarried women rent their homes compared with 30.72 percent of unmarried men and

5    married couples.

6    5.36    In Sunnyside, 48 percent of families with minor children live in rental housing, while

7    37.09 percent of families without minor children do.

8    5.37    Sunnyside's policy or practice of enforcing the CFRHP using extrajudicial evictions

9    and enforcing the CFRHP against residents without evidence that the residents engaged in

10    criminal activity has a disparate impact on Latinos, women, and families with children in

11    Sunnyside.

12    5.38    Sunnyside's policies and practices are the direct and proximate cause of extrajudicial

13    police evictions of Latinos, women, and families with children under the CFRHP.

14    5.39    Defendants Escalera, Rivas, Sparks, Glossen, and Rivard acted with reckless

15    indifference for Sunnyside residents' rights under the United States and Washington

16    Constitutions and laws.

17    5.40    Defendant Escalera is the highest ranking officer in the Sunnyside Police Department.

18    He is responsible for policy development, control, supervision, and program implementation

19    in the Department.

20    5.41    Defendant Escalera knew or should have known of the actions of Defendants Rivas,

21    Sparks, Glossen, and Rivard, as described above, and failed to act to prevent future harm.

22

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98109
(206) 464-7744

42

1  5.42  Defendant Escalera ratified the actions of Defendants Rivas, Sparks, Glossen, and

2  Rivard. Defendant Escalera possesses final authority to establish Sunnyside's custom or policy

3  with respect to the actions complained of herein.

**CFRHPs are a Matter of Public Concern, and Similar Programs Statewide are**
4
**Susceptible to RLTA and Due Process Violations**
5

6  5.43  As alleged above, at least 14 Washington cities have enacted CFRHP programs. The

7  structures of these programs make them susceptible to violations similar to those committed

8  by Sunnyside as alleged herein. For example, three cities have CFRHP terms that are materially

9  identical to the Sunnyside ordinance: Othello, Prosser, and College Place. These ordinances

10  are based on a model ordinance created by the International Crime Free Association of Mesa,

11  Arizona. Three other cities, Kent, Renton, and Des Moines, have CFRHPs that differ from

12  Sunnyside's but all grant police or code enforcement officers discretion to determine when a

13  notice should issue to a landlord because a crime has been committed or permitted by a resident

14  on the premises.

15  5.44  As an example of the public interest impact outside Sunnyside, at least one other

16  Washington city—neighboring Othello—has enacted a nearly identical CFRHP ordinance

17  with similar results. Since at least 2016, Othello has issued at least three CFRHP ordinance

18  violation notices based on allegations that resulted in no criminal charges being filed and where

19  police do not document their evidence, if any, for connecting a particular resident to the alleged

20  violation. In at least one incident, this resulted in the eviction of a low-income grandmother

21  and her two grandchildren.

22

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

13

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98109
(206) 464-7744

43

1

2      **VI. FIRST CAUSE OF ACTION**

   **(42 U.S.C. § 1983 – Denial of Right to Procedural Due Process Under Color of Law)**
3

4 6.1 Washington incorporates the allegations set forth above as if fully set forth here.

5 6.2 At all times relevant, Defendants acted under color of law.

6 6.3 Washington residents have a property interest in retaining possession of their rented

7 homes, which is protected by the Due Process Clause of U.S. Const. amend. XIV, § 1.

8 6.4 Sunnyside's policy or practice of having its police evict residents or requiring landlords

9 to evict residents where residents had no prior opportunity to be heard, no one was arrested, no

10 judicial eviction proceeding was initiated, and/or no judicial eviction order was ever issued,

11 deprives residents in CFRHP housing of their property interest in their tenancies without due

12 process of law.

13 6.5 Defendants are liable under 42 U.S.C. § 1983 when they deprive residents of their

14 constitutional right to due process.

15 6.6 As a proximate result of these unlawful acts, Washington and its residents suffered and

16 continue to suffer injury.

17      **VII. SECOND CAUSE OF ACTION**

   **(42 U.S.C. § 1983 – Denial of Right to Substantive Due Process Under Color of Law)**
18

19 7.1 Washington incorporates the allegations set forth above as if fully set forth here.

20 7.2 At all times relevant, Defendants acted under color of law.

21 7.3 Under federal law, the right to family integrity is a fundamental right protected by the

22 Due Process Clause of U.S. Const. amend. XIV, § 1.

COMPLAINT FOR DECLARATORY   14   ATTORNEY GENERAL OF WASHINGTON
RELIEF, INJUNCTIVE RELIEF, AND       Civil Rights Division
DAMAGES             800 Fifth Avenue, Suite 2000
                  Seattle, WA 98109
                  (206) 464-7744

44

1    7.4    Defendants' policy or practice of depriving residents of their right to family integrity

2    without sufficient government justification deprives residents of their right to due process of

3    law.

4    7.5    Defendants are liable under 42 U.S.C. § 1983 when they deprive residents of their right

5    to due process of law.

6    7.6    As a proximate result of these unlawful acts, Washington and its residents suffered and

7    continue to suffer injury.

8                          **VIII.    THIRD CAUSE OF ACTION**
                          **(42 U.S.C. § 3604 – Housing Discrimination)**
9

10   8.1    Washington incorporates the allegations set forth above as if fully set forth here.

11   8.2    Most of the unlawfully evicted residents have been Latino/as, women, or families with

12   children.

13   8.3    Defendants' policy or practice of enforcing the CFRHP makes housing unavailable and

14   imposes different terms, conditions, and privileges in the rental of a dwelling because of

15   national origin, sex, and familial status in violation of 42 U.S.C. § 3604(a)-(b).

16   8.4    As a proximate result of these unlawful acts, the State and its residents suffered and

17   continue to suffer injury.

18                          **IX.    FOURTH CAUSE OF ACTION**
                          **(Const. art. I, § 3 – Denial of Right to Due Process Under Color of Law)**
19

20   9.1    Washington incorporates the allegations set forth above as if fully set forth here.

21   9.2    At all times relevant, Defendants acted under color of law.

22

COMPLAINT FOR DECLARATORY            15            ATTORNEY GENERAL OF WASHINGTON
RELIEF, INJUNCTIVE RELIEF, AND                     Civil Rights Division
DAMAGES                                            800 Fifth Avenue, Suite 2000
                                                   Seattle, WA 98109
                                                   (206) 464-7744

45

1    9.3    Washington residents have a property interest in retaining possession of their rented

2    homes, which is protected by Const. art. I, § 3.

3    9.4    Defendants' policy or practice of evicting residents or requiring landlords to evict

4    residents where residents had no prior opportunity to be heard, no one was arrested, no judicial

5    eviction proceeding was initiated, and/or no judicial eviction order was ever issued, deprives

6    residents in CFRHP housing of their property interest in their tenancies without due process of

7    law.

8    9.5    As a proximate result of these unlawful acts, Washington and its residents suffered and

9    continue to suffer injury.

10                        X.    FIFTH CAUSE OF ACTION
11              (RCW 49.60.030(1); RCW 49.60.222 – Housing Discrimination)

12   10.1   Washington incorporates the allegations set forth above as if fully set forth here.

13   10.2   Most of the unlawfully evicted residents have been Latino/as, women, or families with

14   children.

15   10.3   Defendants' policy or practice of enforcing the CFRHP violates residents' rights to

16   engage in real estate transactions without discrimination on the basis of national origin, sex, or

17   status as a family with children, in violation of RCW 49.60.030(1)(c).

18   10.4   Defendants' policy or practice of enforcing the CFRHP discriminates in the terms and

19   conditions of a real estate transaction, and makes unavailable or denies a dwelling, because of

20   national origin, sex, or status as a family with children, in violation of RCW 49.60.222(1)(b),

21   (f).

22

46

1    10.5    As a proximate result of these unlawful acts, Washington and its residents suffered and

2    continue to suffer injury.

3    **XI.    SIXTH CAUSE OF ACTION**

4    **(RCW 59.18.290 – Evicting Residents Without a Court Order)**

5    11.1    Washington incorporates the allegations set forth above as if fully set forth here.

6    11.2    Defendants' policy or practice of enforcing the CFRHP by having police officers evict

7    residents or requiring landlords to evict residents where no judicial eviction proceeding was

8    initiated or no judicial eviction order issued violates RCW 59.18.290.

9    11.3    As a proximate result of these unlawful acts, Washington and its residents suffered and

10    continue to suffer injury.

11    **XII.    SEVENTH CAUSE OF ACTION**

12    **(RCW 59.18.580(2) – Evicting Residents Because They Were Victims of Domestic Violence or Sexual Assault)**

13    12.1    Washington incorporates the allegations set forth above as if fully set forth here.

14    12.2    Defendants' policy or practice of enforcing the CFRHP by having police officers

15    evict residents or requiring landlords to evict residents who are victims of domestic violence

16    or sexual assault violates RCW 59.18.580(2).

17    12.3    As a proximate result of these unlawful acts, Washington and its residents suffered

18    and continue to suffer injury.

19    **XIII.    PRAYER FOR RELIEF**

20    WHEREFORE, Plaintiff, State of Washington, prays that the Court:

21    13.1.    Adjudge and decree that Sunnyside has engaged in the conduct complained of in this

22    complaint;

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

17

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98109
(206) 464-7744

47

1    13.2.   Adjudge and decree that Sunnyside's policy and practice of enforcing the CFRHP

2    violates U.S. Const. amend. XIV, § 1;

3    13.3.   Adjudge and decree that Sunnyside's policy and practice of enforcing the CFRHP

4    violates Const. art I, § 3;

5    13.4.   Adjudge and decree that Sunnyside's policy and practice of enforcing the CFRHP

6    violates the Fair Housing Act, 42 U.S.C. § 3604(a)-(b);

7    13.5.   Adjudge and decree that Sunnyside's policy and practice of enforcing the CFRHP

8    violates the Washington Law Against Discrimination, RCW 49.60.030(1) and

9    RCW 49.60.222;

10    13.6.   Adjudge and decree that the CFRHP and Sunnyside's policy and practice of enforcing

11    the CFRHP violates the RLTA, RCW 59.18.290 and RCW 59.18.580(2);

12    13.7.   Permanently enjoin Sunnyside and its representatives, successors, assigns, officers,

13    agents, servants, employees, and all other persons acting or claiming to act for, on behalf of,

14    or in active concert or participation with Sunnyside, from continuing or engaging in the

15    unlawful conduct complained of in this complaint;

16    13.8.   Award compensatory and punitive damages and other make-whole relief in the amount

17    to be proven at trial;

18    13.9.   Make such orders to provide that Sunnyside shall reimburse the State its reasonable

19    costs incurred in this action, including reasonable attorneys' fees;

20    13.10.  Award pre- and post-judgment interest at the maximum rate allowed by law; and

21    13.11.  Award such other and further relief as the Court deems just and proper.

22

COMPLAINT FOR DECLARATORY       18
RELIEF, INJUNCTIVE RELIEF, AND
DAMAGES

48

1    DATED this 5th day of February, 2020.

2                 ROBERT W. FERGUSON
                      Attorney General

3

4                 MITCHELL A. RIESE, WSBA #11947

5                 NEAL LUNA, WSBA #34085
                      Assistant Attorneys General

6                 Wing Luke Civil Rights Division
                      Office of the Attorney General

7                 800 Fifth Avenue, Suite 2000
                      Seattle, WA 98104

8                 (206) 464-7744
                      Mitchell.Riese@atg.wa.gov

9                 Neal.Luna@atg.wa.gov

10

11

12

13

14

15

16

17

18

19

20

21

22

COMPLAINT FOR DECLARATORY       19       ATTORNEY GENERAL OF WASHINGTON
RELIEF, INJUNCTIVE RELIEF, AND                Civil Rights Division
DAMAGES                          800 Fifth Avenue, Suite 2000
                                     Seattle, WA 98109
                                     (206) 464-7744

49

1
2
3
4
5
6

7 **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF YAKIMA**

8 STATE OF WASHINGTON,                    NO.

9                          Plaintiff,      DECLARATION OF CONNIE
10                                          WILLIAMS IN SUPPORT OF GR 17

11          v.

12 CITY OF SUNNYSIDE; AL
ESCALERA, in his official and
individual capacities; MELISSA
13 RIVAS, in her official and individual
capacities; CHRISTOPHER
14 SPARKS, in his official and
individual capacities; JOEY
15 GLOSSEN, in his official and
individual capacities; and JAMES
16 RIVARD, in his official and
individual capacities

17                          Defendants.
18

19          Connie Williams declares under penalty of perjury under the laws of the state of Washington

20 that the following is true and correct.

21          1.      I am a Legal Administrative Manager for the Attorney General's Office. I make this

22 Declaration based on my own personal knowledge. I am competent to testify to the facts stated

23 herein.

24          2.      This Declaration is filed in accordance with GR 17.

25
26

DECLARATION IN SUPPORT OF GR 17                    1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

1       3.     On the 5th February, 2020, I received the Complaint by electronic mail, from Legal

2   Assistant Anna Alfonso of the Civil Rights Division of the Attorney General's Office. I have

3   examined the document, which consists of 21pages, including this Declaration.

4       4.     The foregoing document is a complete and legible facsimile transmitted original

5   signed by Assistant Attorney General Mitchell Riese.

6

7                  CONNIE WILLIAMS

8                  (509) 454-7638
                      Facsimile (509) 575-2095

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

51