1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2020

SEAN F. McAVOY, CLERK

5

6

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

14

15

16

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities,<br><br>                    Defendants. | NO:  1:20-CV-3018-RMP<br><br>STIPULATED PROTECTIVE ORDER |

17

18

19

20

21

BEFORE THE COURT is the parties' Motion for Entry of a Stipulated Protective Order, ECF No. 12.  A district court may enter a protective order upon a showing of good cause.  Fed. R. Civ. P. 26(c).  Having reviewed the proposed order and the record, the Court finds that good cause exists to enter the parties' proposed

STIPULATED PROTECTIVE ORDER ~ 1

Stipulated Protective Order.  Accordingly, **IT IS HEREBY ORDERED** that the Parties' Joint Motion for Entry of Stipulated Protective Order, **ECF No. 12**, is **GRANTED**.  The Protective Order is set forth below.

## I.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Therefore, it is hereby ordered that:

## A.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following information, documents and tangible things produced or otherwise exchanged: information regarding the personal, private, or financial information of persons identified in initial disclosures or discovery responses by the State as victims of or witnesses to Defendants' actions as alleged in the Complaint; information, documents and tangible things produced concerning Defendants' current or former employees including but not limited to

birth dates, social security numbers, personal contact information, personnel files, medical files, psychiatric or psychological evaluations and polygraph examinations.

Any party may designate any record, document, tangible thing, discovery response, testimony, information, or other material as confidential. All documents, tangible things, discovery responses, testimony information, or other materials containing confidential information pursuant to this Order shall be marked "CONFIDENTAL." Such designation shall, without more, subject the information produced or provided under such designation to the provisions of this Confidentiality Agreement and Protective Order.

**B.    SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**C.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

1.    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in

connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

a.    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

b.    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

c.    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2  d.  the court, court personnel, and court reporters and their staff;

3  e.  copy or imaging services retained by counsel to assist in the

4  duplication of confidential  material, provided that counsel for

5  the party retaining the copy or imaging service instructs the

6  service not to disclose any confidential material to third parties

7  and to immediately return all originals and copies of any

8  confidential material;

9  f.  during their depositions, witnesses in the action to whom

10  disclosure is reasonably  necessary and who have signed the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A),

12  unless otherwise agreed by the designating party or ordered by

13  the court. Pages of transcribed deposition testimony or exhibits

14  to depositions that reveal confidential material must be

15  separately bound by the court reporter and may not be disclosed

16  to anyone except as permitted under this agreement;

17  g.  the author or recipient of a document containing the information

18  or a custodian or other person who otherwise possessed or knew

19  the information;

20  h.  a mediator or mediation service, and his, her, or its staff.

21  3.  Filing Confidential Material. Before filing confidential material or

STIPULATED PROTECTIVE ORDER ~ 5

discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

**D.    DESIGNATING PROTECTED MATERIAL**

1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

2.     Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

a.     Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) -  the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so

STIPULATED PROTECTIVE ORDER ~ 7

designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    c.    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this

agreement.

**E.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1.    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2.    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

3.    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion

shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**F.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

a.   promptly notify the designating party in writing and include a copy of the subpoena or court order;

b.   promptly notify in writing the party who caused the subpoena or order to issue  in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

c.   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**G.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed

confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## H.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rules of Evidence 502(d) as set forth herein.

## I.    NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

1      Notwithstanding this provision, counsel are entitled to retain one archival

2  copy of all documents filed with the court, trial, deposition, and hearing transcripts,

3  correspondence, deposition and trial exhibits, expert reports, attorney work product,

4  and consultant and expert work product, even if such materials contain confidential

5  material.

6      Nothing in this Protective Order shall be construed to require the City of

7  Sunnyside or the Civil Rights Division of the Washington Attorney General's Office

8  (hereinafter "CRD") to violate the terms of Washington's Public Records' Act,

9  Wash. Rev. Code § 42.56, Wash. Rev. Code § 40.14, which governs preservation

10  and destruction of government records, or any other statute, administrative rule, or

11  court rule. If at any time the City or CRD receives a request pursuant to the

12  Washington Public Records Act, Wash. Rev. Code § 42.56, that would compel

13  disclosure of any documents or information designated in this action as

14  "Confidential," the City or CRD shall give written notice and a copy of the request

15  to the designating party, through its attorney of record, within five (5) business days

16  of receiving the request or determining that the request calls for documents or

17  information designated in this action as "Confidential." If the requesting party seeks

18  to compel the City or CRD to disclose the documents or information designated as

19  "Confidential" through a proceeding before a court or regulatory body, the City or

20  CRD shall provide the designating party, through its attorney of record, with notice

21  of the proceeding within five (5) business days of service of such proceeding. The

City or CRD will not produce confidential information or documents subject to such a request unless either authorized by the designating party to do so, or if the designating party seeks judicial intervention within the time allotted for the City or CRD to respond to the request, is ordered to do so by the court.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 22, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

STIPULATED PROTECTIVE ORDER ~ 13