FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>             Plaintiff,<br><br>  v.<br><br>CITY OF SUNNYSIDE; AL ESCALERA, in his official and individual capacities; MELISSA RIVAS, in her official and individual capacities; CHRISTOPHER SPARKS, in his official and individual capacities; JOEY GLOSSEN, in his official and individual capacities; and JAMES RIVARD, in his official and individual capacities,<br><br>             Defendants. | NO: 1:20-CV-3018-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT |

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 1

1   BEFORE THE COURT is Plaintiff State of Washington's ("Washington's")
2   Motion to Amend Judgment, ECF No. 77.[1]  Plaintiff timely moves to amend the
3   Court's Order Granting Defendants' Motion for Summary Judgment, ECF No. 76.
4   Having reviewed Plaintiff's Motion, ECF No. 77; Defendants City of Sunnyside, et
5   al.'s ("Sunnyside's") response, ECF No. 78; Plaintiff's reply, ECF No. 79; the
6   remaining record; and the relevant law; the Court is fully informed.

**RELEVANT PROCEDURAL BACKGROUND**

The above-captioned case is the second of two nearly identical lawsuits alleging constitutional and legal deficiencies in Sunnyside's administration of its Crime Free Rental Housing Program ("CFRHP").  *See* Case No. 1:19-cv-3174-RMP.  The Court dismissed the 2019 case without prejudice on the basis that Washington lacked the *parens patriae* standing necessary to proceed in federal court.  ECF No. 16 in Case No. 1:19-cv-3174-RMP.  Plaintiff subsequently filed the instant lawsuit in Yakima County Superior Court, expanding on the allegations in the first lawsuit, and Defendant removed the instant lawsuit to this Court in February 2020.  ECF Nos. 1, 1-1.  Plaintiff raised four federal claims, alleging civil rights violations under 42 U.S.C. § 1983 and violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, as well as three state claims:

---

[1] The Court notes that Plaintiff filed its motion on the docket as a "Motion for Reconsideration," but refers to the motion internally as a "Motion to Amend Judgment." *See* ECF No. 77.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 2

(5) violation of Washington's Law Against Discrimination ("WLAD"), Revised Code of Washington ("RCW"), ch. 49.60, by interfering with "residents' rights to engage in real estate transactions without discrimination on the basis of national origin, sex, or status as a family with children" in violation of § 49.60.030(1)(c) and discriminating "in the terms and conditions of a real estate transaction" and making unavailable or denying a dwelling "because of national origin, sex, or status as a family with children," in violation of RCW 49.60.222(1)(b), (f); (6) evicting residents without a judicial eviction proceeding or order in violation of the Washington Residential Landlord-Tenant Act ("RLTA"), RCW § 59.18.290; and (7) evicting residents "who are victims of domestic violence or sexual assault" in violation of the RLTA, RCW 59.18.580(2).

ECF No. 76 at 3–4 (citing ECF No. 1-1 at 26–47).

Defendant moved to dismiss Plaintiff's Complaint based on lack of subject matter jurisdiction as well as for failure to state a claim. ECF No. 4. The Court denied Defendant's Motion to Dismiss and concluded, in relevant part, that Plaintiff had sufficiently alleged standing at the pleading stage and had plausibly argued that discovery could uncover additional individuals or populations affected by Defendant's enforcement of the CFRHP. ECF No. 14 at 14–15. After discovery, Defendant moved for summary judgment on all of Plaintiff's claims. ECF No. 47. In its Order Granting Defendants' Motion for Summary Judgment, ECF No. 76, the Court analyzed at length Plaintiff's standing to pursue its federal claims based on a *parens patriae* theory, as claimed by Plaintiff, and determined that Plaintiff had not supported the elements of standing with admissible evidence. ECF No. 76. Finding that Plaintiff failed to satisfy the more stringent burden of supporting standing at the summary judgment stage, the Court granted summary judgment in favor of

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 3

Defendant on Plaintiff's federal claims. *Id.* at 28. The Court further declined to exercise supplemental jurisdiction over Plaintiff's three state law claims and dismissed them. *Id.* at 28.

## DISCUSSION

Plaintiff asks the Court to amend the Order Granting Defendants' Motion for Summary Judgment, ECF No. 76, pursuant to Federal Rule of Civil Procedure 59. Plaintiff maintains that in determining that Plaintiff lacks Article III standing to pursue its claims in federal court, the Court necessarily determined that it lacks subject matter jurisdiction. ECF No. 79 at 1 (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). Plaintiff further argues that 28 U.S.C. § 1447(c), as well as Supreme Court and Ninth Circuit caselaw, require the Court to remand the entire case to state court, rather than dismiss it. *Id.* at 2 (citing *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (where the court lacks subject matter jurisdiction over a removed case, "the district court generally must remand the case to state court, rather than dismiss it.") (emphasis in original)).

Defendant opposes amendment of the Order Granting Defendants' Motion for Summary Judgment and argues that "[i]f the Court is inclined to grant the State's motion, the only claims that should be remanded are the state law claims." ECF No. 78 at 2. Defendant continues, "The Court's dismissal of the State's federal claims is now law of the case and remanding those claims to state court would be futile." *Id.*

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 4

(citing *Polo*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Moreover, after remand of this appeal, Polo's lack of Article III standing will be law of the case. Thus, there is no danger of a jurisdictional pingpong game in this case: this rally has concluded."); *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1196 (9th Cir. 1997)).

A motion pursuant to Federal Rule of Civil Procedure 59(e) may be granted if the movant "presents the district court with newly discovered evidence, the court committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under 28 U.S.C. § 1447, if a case is removed and it later "appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "A removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III."); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.8 (9th Cir. 2018) ("[A]s a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."). Doubts are resolved in favor of

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 5

remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).

Defendant argues that the federal claims should not be remanded because remand of those claims would be futile in light of the law of the case. ECF No. 78 at 2. Indeed, the Ninth Circuit previously held that a district court could dismiss claims without remand to state court if it had "absolute certainty" that the claims would be dismissed in state court, rendering remand "futile." *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (1999) (internal quotations omitted). However, as this District recently recognized, the Supreme Court declined to apply the futility exception in *Int'l Primate Prot. League*, 500 U.S. at 88–89, and the Ninth Circuit explained in *Polo* that it declined to overrule *Bell* sua sponte, when the plaintiff in that case did not argue that *Bell* was no longer controlling law, 833 F.3d at 1199. *See Morgan v. Bank of Am., N.A.*, No. 2:20-CV-00157-SAB, 2020 U.S. Dist. LEXIS 123707, at *6-7 (E.D. Wash. July 14, 2020) (describing the futility exception to the remand rule as "historical" and citing district courts throughout the Ninth Circuit that have abandoned the exception).

Plaintiff has persuaded the Court that section 1447(c) compels remand of Plaintiff's Complaint in its entirety, and the Court does not find any authority from Defendant to support that an exception to the remand requirement applies.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend Judgment, **ECF No. 77**, is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT ~ 6

2. The Court's Order Granting Defendants' Motion for Summary Judgment, ECF No. 76, is **AMENDED** to vacate the Court's dismissal of Plaintiff's state law claims and provide that all of Plaintiff's claims shall be **REMANDED** to Yakima County Superior Court, from which this action was removed.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  The file in this case shall remain closed.

**DATED** August 26, 2021.

                                        *s/ Rosanna Malouf Peterson*
                               ROSANNA MALOUF PETERSON
                                  United States District Judge